THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CARL GIULI,                              :
                                         :
      Plaintiff,                       :   3:23-CV-1785
                                         :   (JUDGE MARIANI)
      v.                               :
                                         :
JOSEPH MONTAGNA, et al.,                 :
                                         :
      Defendants.                      :

## MEMORANDUM

### I. INTRODUCTION

Defendants' Appeal of the Clerk's Taxation of Costs (Doc. 97) is pending before the Court. By way of background, the jury verdict and judgment were entered in favor of the Defendants in this 42 U.S.C. § 1983 action on February 3 2026. (Docs. 89, 90.) Defendants' Bill of Costs was filed on March 5, 2026, seeking taxation of costs in the amount of $17,419.01. (Doc. 91 at 8.) Plaintiff's Answer to Defendants' Bill of Costs (Doc. 92) and Plaintiff's Brief in Opposition to Defendants' Bill of Costs (Doc. 93) were filed on March 25, 2026. Defendants filed a reply brief on March 27, 2026. (Doc. 94.) On April 9, 2026, the Clerk of Court taxed costs in favor of Defendant in the amount of $978.16. (Doc. 96.) In so doing, the Clerk rejected requested costs in two instances:

> The fee for the transcript of the Daubert Hearing in the amount of $356.85 is not allowed as transcripts for counsel's own use are not taxable in the absence of a special court order. The fees for expert witnesses in the amount of $12,124.00 are not allowed as they are not taxable in a greater amount than that statutorily allowable for ordinary witnesses.

(*Id.* at 1.)  Defendants object to these determinations and further object to the lack of taxation regarding third-party witness costs at trial.  (Doc. 97 at 9-14.)  The Court concludes that Defendants' Appeal is properly granted in part and denied in part.

## II. ANALYSIS

Defendants filed the pending appeal of the Clerk's taxation of costs on April 16, 2026.[1]  (Doc. 97.)  They object to the Clerk's decision as to items expressly not awarded in the Clerk's Taxation of Costs and assert entitlement to costs requested in Defendants' Bill of Costs (Doc. 91) which were not awarded or discussed in the Clerk's Taxation of Costs. (See Doc. 97 at 9-14.)  Defendants identify additional entitlement to costs in the following categories: 1) Plaintiff's expert costs; 2) Daubert Hearing transcript costs; and 3) third-party witness costs at trial.  (*Id.*)

Federal Rule of Civil Procedure 54(d)(1) provides that, in general, "costs—other than attorney's fees—should be allowed to the prevailing party."

> Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs.  Notwithstanding this presumption, the word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court.  See *Taniguchi v. Kan Pacific Saipan, Ltd.,* 566 U.S. 560, 565 (2012) ("Federal Rule of Civil Procedure 54(d) gives courts the discretion to award costs to prevailing parties").  Rule 54(d)(1) also makes clear, however, that this discretion can be displaced by a federal statute or a Federal Rule of Civil Procedure that 'provides otherwise.

*Marx v. Gen. Revenue Corp.,* 568 U.S. 371, 377 (2013).

---

[1] The Court has not received any further filings from Plaintiff.

2

28 U.S.C. § 1920 enumerates several categories of "expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987); *see also Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 565-66 (2012). Under § 1920, six categories of taxable costs are identified:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> **(1)** Fees of the clerk and marshal;
>
> **(2)** Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> **(3)** Fees and disbursements for printing and witnesses;
>
> **(4)** Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> **(5)** Docket fees under section 1923 of this title;
>
> **(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920. Section 1920 operates as a limitation on a court's decision to award costs under Rule 54(d)(1). *See Crawford,* 482 U.S. at 445; *Taniguchi,* 566 U.S. at 572.

3

## 1. Plaintiff's Expert Costs

Defendants contend that the Court ordered them "to pay Plaintiff's expert costs before trial [and] and such costs are not permissible to be issued against an opposing party under Rule 54.4 or any federal rule." (Doc. 97 at 9.) Defendants sought reimbursement of these costs and now appeal the Clerk's determination that they are not entitled to reimbursement because expert fees "are not taxable in a greater amount than that statutorily allowable for ordinary witnesses" (Doc. 96 at 1). The Court concludes that Defendants are not entitled to reimbursement for the expert fees at issue.

Defendants' Bill of Costs includes the following averments:

On December 4, 2025, this Honorable Court, during the pretrial conference, ordered Defendants to pay Plaintiff's expert fees due to the continuation of trial that was caused by Defendant Teetsel needing surgery. [ ] However, that fee is not generally allowed to be taxable against an opposing party. *See* Local Rule 54.4(4). [ ] Rather, the only fee allowed to be taxed against an opposing party is the standard $40 witness fee. *See id.* [ ] Plaintiff sent an invoice to Defendants requiring payment of $11,000 to Dr. Gotesman. . . . Plaintiff sent an invoice to Defendants requiring payment of $1,124 to PA Advocates, Inc. . . . On February 11, 2026, Defendants were provided an invoice for payment to Dr. Gotesman of $3,275.

(Doc. 91 ¶¶ 9-13, 17.)

After it was determined at the Pretrial Conference held on December 4, 2025, that the trial would be continued, Plaintiff's counsel asked that Defendants "cover the witness -- over $15,000 in witness fees that we've had to put out that are non-refundable for peoples' appearances at trial next week." (Pretrial Conference Transcript, Doc. 74 at 42:24-43:2.) Defendants' counsel objected to the request, stating that "if [Plaintiff is] successful in this

case, he'll recover all the fees." (*Id.* at 43:15-16.)  Plaintiff's counsel responded: "it's also prejudicial to Mr. Giuli to have to pay these people twice through something that's completely beyond his control." (*Id.* at 43:18-10.)  The Court granted Plaintiff's request contingent upon the amounts being verified.  (*Id.* at 44:6-7.)  In their appeal, Defendants state the following:

> In response to this Court Order, Plaintiff sent two invoices to Defendants: (1) $11,000.00 from Dr. Gotesman, (Doc. 91-4), and (2) $1,124.00 from PA Advocates, Inc., (Doc. 91-5).
>
> . . . .
>
> On January 6, 2026, prior to the trial in this matter, this Court issued an order requiring Defendants to pay additional expenses incurred by Plaintiff related to the review of Defendants' expert's reports. (Doc. 61.) . . .
>
> In response to the January 6, 2026 Order, on February 11, 2026, Defendants were provided an invoice for payment to Dr. Gotesman in the amount of $3,275.00, for his review of records. (Doc. 91-7.)

(Doc. 97 at 3-4.)

Notably, Defendants did not contest the invoice amounts, nor did they formally seek reconsideration of the Court's determination that they should pay Plaintiff's expert expenses which were attributable to the trial delay.[2]  Moreover, the foregoing summary shows that the expert fees at issue were paid pursuant to a verbal Court order and are not expenses cognizable pursuant to 28 U.S.C. § 1920, "Taxation of Costs."  The Court ordered

---

[2] The Motions Report in this case shows that Defendants did not file any motions after the Court's December 4, 2025, determination regarding the payment of Plaintiff's expert fees incurred due to the delay in trial.

Defendants to pay expert costs attributable to the trial delay upon verification of the amount due, and the amount due was verified with the invoices identified above. *See supra* p. 5. Therefore, the amounts invoiced were properly paid by Defendants. Although Local Rule 54.4(9) provides that "[o]ther items may be taxed with prior court approval," M.D. Pa. L.R. 54.5(9), no inference can be drawn from the Court's directive that Defendants could be reimbursed for the expenditures if they prevailed at trial, and nothing in the Court's directive can be construed as "prior court approval" of taxation of the expert costs at issue. Thus, Defendants' assertion to the contrary, i.e, that "the Court *inherently approved* these costs [for taxation] by explicitly ordering Defendants to pay them" (Doc. 97 9), is without merit.

While the Clerk of Court correctly decided not to award expert witness costs at issue (*see* Doc. 96 at 1), the determination was correct for the reasons set out above. Therefore, Defendants' objection based on expert fees will be overruled.

## 2. **Daubert Hearing Transcript Costs**

Defendants next contend that the Clerk of Court erred in refusing to tax costs against Plaintiff which they incurred to obtain the Daubert Hearing transcript. (Doc. 97 at 10.) They assert that the $356.85 claimed in Defendants' Bill of Costs is appropriate because it is an expense covered under Local Rule 54.4(2). The Court disagrees.

Local Rule 54.4(2) states:

(2) Trial Transcripts. The cost of an original of a trial transcript, a daily transcript and of a transcript of matters prior or subsequent to trial, furnished to the court is taxable at the rate authorized by the Judicial Conference when either requested by the court, or prepared pursuant to stipulation. Mere acceptance

6

by the court does not constitute a request. Copies of transcripts for counsel's own use are not taxable in the absence of a special order of the court.

Local Rule 54.4(2).

The circumstances of this case do not satisfy the requirements of Local Rule 54.4(2). Following the Daubert Hearing testimony of Thomas Shea who identified himself as "a policing and security negligence expert" (Daubert Hr'g Transcript, Doc. 55 at 9-12), the Court addressed Defendants' counsel, stating: "If you're going to file a brief, you should address the particular opinions that Mr. Parkins has asserted that he expects or attempts to -- he believes he will attempt to elicit from Dr. Shea; and you should address those." (*Id.* at 57: 21-24.) After Defendants' counsel responded that he intended to file a brief, the following dialogue took place:

THE COURT: Do you have a time frame you'd like to offer?

MR. BLAKE: Your Honor, it would depend on if the Court prefers citations to the record, in which case, we would need a transcript of the hearing.

THE COURT: Citations to the record are always good.

MR. BLAKE: Okay.

THE COURT: Obviously, there may be some lag time in getting the transcript.

MR. BLAKE: I can do it within seven days of receipt of the transcript, if that's acceptable to the Court.

THE COURT: That's fine.

(*Id.* at 58:8-19.)

7

Clearly, the Court expressed that citations to the record were useful but did not direct Defendants' counsel to provide such citations in his brief or request the court reporter to produce the transcripts. Setting filing deadlines with reference to the anticipated receipt of the hearing transcript does not equate with a request by the Court to produce it. Rather, as noted in *Walsh v. Curran*, Civ. A. No. 3:22-CV-513, 2025 WL 4097700 (M.D. Pa. Mar. 3, 2025), referencing a trial transcript "as a practical accommodation to counsel's anticipated use of the transcripts in drafting" is not an order to produce the transcript, *id.* at n.1.

In these circumstances, the Clerk of Court was correct to reject Defendants' request to tax costs against Plaintiff which they incurred to obtain the Daubert Hearing transcript. Therefore, Defendants' objection based on transcript costs will be overruled.

## 3. **Third-Party Witness Costs at Trial**

Finally, Defendants assert that the Clerk of Court erred in failing to tax costs related to third-party witnesses pursuant to 28 U.S.C. § 1821(b) and Local Rule 54.4(4), claiming they are entitled to $240.00 for third-party witness fees and $435.00 for mileage reimbursement for a total of $675.00. (Doc. 97 at 11-13.) The Court agrees Defendants are entitled to third-party witness costs as allowed by 28 U.S.C. § 1821 and Local Rule 54.4(4). However, the Court will not determine whether the requested $675.00 is the appropriate amount of taxable third-party witness costs. Rather, the Court will refer this matter to the Clerk of Court to reconsider costs to be taxed based on Defendants' relevant submissions in

8

Defendants' Bill of Costs and attached documents (Docs. 91 through 91-8). Therefore, Defendants' objection based on third-party witness costs will be sustained in part.

### III. CONCLUSION

For the foregoing reasons, Defendants' Appeal of the Clerk's Taxation of Costs (Doc. 97) will be granted in part and denied in part. The Appeal will be granted to the extent the Court will sustain in part Defendants' objection based on third-party witness costs at trial. The Appeal will be denied to the extent the Court will overrule Defendants' objections based on expert fees and Daubert Hearing transcript costs. The Clerk's taxation of costs in the amount of $978.16 against Plaintiff will be affirmed with the amount taxable regarding third-party witness costs to be determined by the Clerk of Court. A separate Order will enter.

Robert D. Mariani
United States District Judge

9